IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LORRAINE LAGO ENTERPRISES, INC., D/B/A PICCOLO E POSTO; LORRAINE LAGO, INDIVIDUALLY AND PEDRO GONZALEZ, INDIVIDUALLY,<br><br>Defendants. | CIVIL NO. 09-1625 (JAG/CVR) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

The Secretary of Labor has claimed in her Amended Complaint defendants failed to compensate for work weeks longer than those prescribed and, thus, she claims pay rates owed of not less than one and one-half times the regular rates as overtime compensation for employees included in Exhibit A. (Docket No. 45, Amended Complaint). It is the Secretary of Labor's contention defendants failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment as prescribed by regulation. (*Id.*, Exhibit A).

On May 12, 2011, plaintiff Secretary of Labor's Motion for Partial Summary Judgment was object of a Report and Recommendation which recommended partial summary judgment be granted in plaintiff's favor as to the issues of minimum wage compensation and

prejudgment interest. (Docket No. 75).[1] Hence, upon approval by the Court, the issues raised by above plaintiff insofar as minimum wage violation should be resolved.

In turn, defendants Lorraine Enterprises, Inc., d/b/a PICCOLO E POSTO, Lorraine Lago and Pedro González (hereafter "defendants"), who are subject of a complaint against them under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, (the "Act") for alleged violations of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5), filed a Motion for Summary Judgment which was referred to this Magistrate Judge for Report and Recommendation. Defendants request summary disposition as to the Secretary of Labor's claims as to overtime compensation, and failure to make, keep and preserve adequate records of the hours paid to employees. (Docket No. 58). Thus, this Report and Recommendation is limited to said issue of overtime compensation.

Defendants claim in their summary judgment request that, insofar as payment of overtime, at the administrative level and during the negotiations with the Secretary of Labor it was recognized by defendants having incorrectly failed to pay overtime to several non-exempt employees who had been incorrectly treated as exempt employees, as well as paying overtime to waiters using as base wage $3.70 instead of $2.13, before applying tip credit, rather than doing so based on the full minimum wage. (Deft's Exhibit 2, letter of May 30, 2008, p.2; Docket No. 58, Defts' Motion for Summary Judgment). Therefore, as to the issue

---

[1] Although mere fact that all parties move simultaneously for summary judgment does not untie the court's hand for barring special circumstances district court must consider each motion separately, drawing inferences against each movant in turn. E.E.O.C. v. Stemship Clerks Union, Local 1066, 48 F.3d 594 (1st Cir. 1995). Still, considering each of undisputed facts regarding minimum wage requirements and both parties' contentions, the commingled nature of their positions allows consideration of the issue in the previous report and recommendation. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997) (citing Federación de Empleados Tribunal General de Justicia v. Torres, 747 F.2d 35, 36 (1st Cir. 1994)). In any event, the findings and conclusions of law in our previous report and recommendation as to minimum wage are herein incorporated and would have been similarly resolved.

that remains to be elucidated in this report regarding overtime payment, defendants have presented as undisputed issues the averments of plaintiff Secretary of Labor are correct that overtime payment is due.

On April 4, 2011, plaintiff's opposition to above defendants' Motion for Summary Judgment was filed with its undisputed statement and memorandum. (Docket Nos. 73 and 74).

We shall briefly discuss the applicable findings of fact and of law regarding overtime payment since issues related to minimum wage compensation were object of a separate Report and Recommendation, as above mentioned.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174 (1st Cir. 1997).  Fed.R.Civ.P. 56(c).[2]

---

[2]  On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010.  The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing first, that there is "no genuinely disputed." The party may also sow that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d at 178 since the standards for granting summary judgment remains unchanged under the 2010 amendments.

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no

<u>Hilda L. Solis, Secretary of Labor, et al. v. Lorraine Enterprises, Inc.</u>
Civil No. 09-1625(JAG/CVR)
Report and Recommendation
Page No. 5

genuine issue as to any material fact may the court enter summary judgment." <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 960 (1st Cir. 1997).

In summary judgment a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. 10 A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc. Civ.* §2722 at 382 (3d ed. 1998).

**UNCONTESTED ISSUES OF FACT**

Defendants have submitted in their Statement of Uncontested Material Facts regarding the overtime payment claimed by the Secretary of Labor the following:

1) During the negotiation process defendants recognized that they may have incorrectly failed to pay overtime to several non exempt employees who had been incorrectly treated as exempt employees, as well as payment overtime to waiters using as base wage $3.70 instead of $2.13, before applying tip credit, rather than doing so based on the full minimum wage. (Defts' Uncontested ¶8; Exhibit 2, letter of May 20, pp. 1-2).

2) The restaurant paid its waiters a cash wage of $3.70. (Defts' Uncontested ¶9; Exhibit 2).

Plaintiff Secretary of Labor's opposition submits defendants' statement of uncontested facts should be precluded for information was not timely disclosed that was included in support of defendants' Motion for Summary Judgment. (Docket No. 73, III). Still, plaintiff filed its Amended Complaint, adding as Exhibit A thirteen (13) new employees she considers to be owed minimum wages and/or overtime payment, by December 17, 2010. A motion to

compel was filed shortly thereafter on December 22, 2010, to which defendants filed their response indicating the efforts to produce the requested disclosure. It serves no legal purpose to strike, at the stage of summary judgment, defendants' statement of uncontested facts, more so on the limited issues that are herein discussed.[3]

Plaintiff submits also as undisputed, above defendants' uncontested statement ¶8. In regards to ¶9, it qualifies same indicating that during the period of March 6, 2006 through August 2, 2009, defendants paid waiters a wage rate of $3.70 per hour from which a Spillage Fee was deducted. (Plaintiff's Uncontested ¶9; Exhibits 2-7, Payroll Summary).

## LEGAL DISCUSSION

Ruling on a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. Bienkowski v. Northeastern University, 285 F.3d 138 (1st Cir. 2002).

Overtime means employment in excess of forty (40) hours in a single workweek. All hours worked under the statutory maximum are non-overtime labor. *See* 29 C.F.R. §778.101; O'Brien v. Town of Agawam, 350 F.3d 279, 289 (1st Cir. 2003).

Section 216(b) of the Act refers to "unpaid overtime compensation means that *liability* for unpaid overtime is incurred by an employer when overtime is not paid by the first payday after the amount of overtime pay can be determined." *See* O'Brien v. Town of Agawam, 350 F.3d at 298; *see also* Title 29, United States Code, Section 216(b) ([An employer violating Section 207] shall be *liable* ... in the amount of ... unpaid overtime compensation ....) (emphasis added).

---

[3] Defendants' Undisputed facts regarding minimum wage which were relevant were considered in the previous Report and Recommendation.

Hilda L. Solis, Secretary of Labor, et al. v. Lorraine Enterprises, Inc.
Civil No. 09-1625(JAG/CVR)
Report and Recommendation
Page No. 7

Plaintiff Secretary of Labor seeks overtime payment at one and one-half times the regular hourly rate under the applicable minimum wage rate per hour at the time. On account of defendants' own admission in their Motion for Summary Judgment, undisputed by plaintiff in the opposition, overtime payment was not effected to certain non exempt employees who were mistakenly considered exempt. Thus, liability for overtime payment has been established. The only issue which remains is the proper calculation of the amounts owed and corresponding to overtime payments as to those employees included in Exhibit A.[4]

## CONCLUSION

In view of the foregoing, it is recommended that defendants' request for summary judgment in their favor be DENIED. (Docket No. 58).

Under the same lack of undisputed facts raised by the parties, including defendants' own admissions, summary disposition on the issue of liability for the overtime due is warranted. As such, it is recommended that partial summary judgment be entered as to overtime payment liability in favor of plaintiff.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec.

---

[4] The Secretary of Labor has not addressed in the Opposition to the Motion for Summary Judgment the overtime claims nor has requested any finding as to willfulness as to the overtime omissions nor the liquidated damages.

Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 12th day of May of 2011.

                                          s/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE