IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | |
| **Plaintiff** | **CIVIL. NO.** 09-1625(JAG) |
| v. | |
| LORRAINE ENTERPRISES, d/b/a PICCOLO E POSTO; LORRAINE LAGO; and PEDRO GONZALEZ, | |
| **Defendants.** | |

OPINION AND ORDER

Garcia-Gregory, D.J.

Pending before the Court are two Motions for Summary Judgment filed by Plaintiff and Defendants, respectively. (Docket Nos. 52, 58). For the reasons stated below, the Court **GRANTS** summary judgment in favor of Plaintiff and **DENIES** summary judgment in favor of Defendant.

BACKGROUND

Plaintiff Hilda L. Solis, Secretary of Labor for the United States Department of Labor (the "Secretary"), brings this action alleging that Lorraine Enterprises, Inc., d/b/a Piccolo e Posto,

CIVIL. NO. 09-1625(JAG)                                          2

Lorraine Lago and Pedro Gonzalez ("Defendants") ran afoul of the
minimum wage, overtime and record-keeping provisions of the Fair
Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the
"FSLA").[1] (Docket No. 1). The Secretary moved for partial summary
judgment on her claims arising under the minimum wage provisions
of the FSLA. (Docket Nos. 52-54). Defendants timely filed their
opposition and their statement of undisputed facts. (Docket Nos.
64, 65).

By separate motion, Defendants sought summary judgment on
the Secretary's minimum wage claim. (Docket No. 58). Defendants
also moved for summary judgment on the Secretary's allegations
pertaining to Defendants' failure to keep and preserve adequate
records, and failure to pay adequate overtime compensation.
(Docket No. 75). The Secretary timely opposed Defendants'
motion. (Docket Nos. 73, 74).

The Court referred these motions to a U.S. Magistrate
Judge, who chose to issue two separate Reports attending to the
parties' individual motions for summary judgment. (Docket Nos.
75, 76). Defendants timely filed their objections. (Docket No.
77). For the reasons discussed below, the Court adopts the
Magistrate Judge's Reports, and **GRANTS** the Secretary's Motion

---

[1] Specifically, sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of
the FLSA.

CIVIL. NO. 09-1625(JAG)                                          3

for Summary Judgment and **DENIES** Defendants' Motion for Summary
Judgment.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ. P. 72(b)
and Local Rule 72, a district court may refer dispositive
motions to a United States magistrate judge for a report and
recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals,
Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely
affected party may "contest the Magistrate-Judge's Report and
Recommendation by filing written objections 'within ten days of
being served' with a copy of the order." United States v.
Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28
U.S.C. § 636(b)(1)). If objections are timely filed, the
district judge shall "make a de novo determination of those
portions of the report or specified findings or recommendations
to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g
Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003).

Federal Rule of Civil Procedure 56 states, in pertinent
part, that a court may grant summary judgment only if "the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law."

CIVIL. NO. 09-1625(JAG)                                    4

Fed.R.Civ.P. 56(c); See also Santiago-Ramos v. Centennial P.R.
Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine
issue as to any material fact and ... the moving party is
entitled to a judgment as a matter of law." See Fed.R.Civ.P.
56(c). The party moving for summary judgment bears the burden of
showing the absence of a genuine issue of material fact. See
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before
the court, the opposing party has the burden of demonstrating
that a trial-worthy issue exists that would warrant the court's
denial of the motion for summary judgment.

In order for a factual controversy to prevent summary
judgment, the contested facts must be "material" and the dispute
must be "genuine". "Material" means that a contested fact has
the potential to change the outcome of the suit under governing
law. The issue is "genuine" when a reasonable jury could return
a verdict for the nonmoving party based on the evidence. See
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is
well settled that "[t]he mere existence of a scintilla of
evidence" is insufficient to defeat a properly supported motion
for summary judgment." Id. at 252. It is therefore necessary
that "a party opposing summary judgment must present definite,

CIVIL. NO. 09-1625(JAG)                                     5

competent evidence to rebut the motion." <u>Maldonado-Denis v.</u>
<u>Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994).

        In making this assessment, the court "must view the entire
record in the light most hospitable to the party opposing
summary judgment, indulging all reasonable inferences in that
party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st
Cir. 1990). The court may safely ignore "conclusory allegations,
improbable inferences, and unsupported speculation." <u>Medina-</u>
<u>Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir.
1990).

                            **DISCUSSION**

        The Court's analysis will follow the sequence of issues set
forth in the Magistrate Judge's Reports. The first Report
addresses the Secretary's Motion for Summary Judgment on the
minimum wage claims while the second attends to Defendants'
Motion for Summary Judgment on the Secretary's overtime
compensation claims.

I.   <u>Minimum Wage Claims</u>

        The Secretary seeks summary judgment on the issue of
whether Defendants violated the minimum wage provisions of the
FSLA, 29 U.S.C. § 203(m). Specifically, the Secretary contends
that 1) the Defendants failed to inform its employees of the

CIVIL. NO. 09-1625(JAG)                                         6

minimum wage laws and of its intention to take "tip credit;" 2)
the tips were improperly pooled and distributed to employees not
covered by the statute; and 3) Defendants improperly deducted a
"Spillage Fee" that brought wages below the statutory minimum.
The Magistrate Judge found in favor of the Secretary on all
counts brought pursuant to § 203(m).

An employer who violates the provisions of § 203(m) is
liable for the full amount of minimum wage owed for every hour
worked by the employees. <u>Martin v. Tango's Restaurant, Inc.</u>, 969
F.2d 1319 (1st Cir. 1992); <u>Reich v. Chez Robert, Inc.</u>, 28 F.3d
401 (3rd Cir. 1994). Since the Court adopts the Magistrate
Judge's Report and Recommendation on the issue of notice
violations, a § 203(m) violation has been established. As a
consequence, it is unnecessary to consider in depth the
Secretary's additional arguments relating the spillage fee and
the improper pooling of tips.[2]

a. <u>Notice Violations</u>

Under the FSLA, employers must pay their employees a
minimum wage. 29 U.S.C. § 206. In the case of employees who earn

---

[2] Nevertheless, the Court has examined Defendants' objections to
the Magistrate Judge's Report on these matters and finds the
same unpersuasive. Accordingly, and after *de novo* review, the
Court **ADOPTS** the Magistrate Judge's findings on these issues as
well.

CIVIL. NO. 09-1625(JAG)                                            7

tips as part of the job,[3] the FSLA allows the employer to pay less than minimum wage by claiming a credit against the employee's tips. See 29 U.S.C. § 203(m). Stated differently, in computing its minimum wage obligation, the employer may treat a portion of the employee's tips as wages. However, the employer may not claim this credit unless it shows that 1) its "employee has been informed of the provisions of the FSLA's subsection relating to tip credits"; and 2) that "all tips received by such employee have been retained by the employee", except when tips are pooled among tipped employees. Id. An employer wishing to take tip credit bears the burden of showing that his employment practices are compliant with § 203. Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir. 1979); see also Pedigo v. Austin Rumba, Inc., 722 F. Supp. 2d 714, 724 (W.D.Tex. 2010). If the employer cannot meet this burden, no tip credit can be taken. In this case, the employer is liable for the full amount of minimum wage due to their employees for every hour worked during the relevant period. Martin v. Tango's Restaurant, Inc., 969 F.2d 1319 (1st Cir. 1992); Reich v. Chez Robert, Inc., 28 F.3d 401 (3rd Cir. 1994).

---

[3] The FSLA defines a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

CIVIL. NO. 09-1625(JAG)                                        8

The First Circuit has interpreted § 203(m) to require, at the very least, "notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations." Martin, 969 F.2d at 1322. To do so, the employer must make some affirmative effort to inform its employees of its intention to take tip credit. See Bonham v. Copper Cellar Corp., 476 F.Supp. 98 (E.D.Tenn. 1979) (vague references to conversations about minimum wage and secluded poster with relevant FSLA information was not enough to satisfy notice requirement); Gustavus v. Cazos, Inc., 774 F.Supp.2d 856 (S.D.Tex. 2011); compare Kilgore v. Outback Steakhouse, 160 F.3d 294 (6th Cir. 1998) (notice requirement satisfied where owner provided employee with documents fully quoting relevant section of FSLA and informing that employer intended to take tip credit). Even though the penalty for omitting this notice is "harsh, it is also true that notice is not difficult for the employer to provide." Martin, 969 F.2d at 1323.

The Magistrate Judge found that Defendants failed to raise a triable issue of fact with regards to the notice requirement. (Docket No. 75, p. 9). The only concrete evidence as to this point is the testimony of the restaurant's general manager, Pedro Gonzalez, who flatly stated that the waiters were never

told or otherwise informed that their tips would be considered
as part of their wages.

Defendants object to the Magistrate Judge's finding,
arguing that the evidence does not show that the employer failed
to notify *all* of its employees. Furthermore, Defendants argue
that the manager's testimony is irrelevant because Gonzalez was
not present for the hiring and training of the employees. This
argument fails because, as noted above, Defendants bear the
ultimate burden of proof to be entitled to claim tip credit. In
order to raise a triable issue of fact, Defendants cannot merely
rely on the absence of competent evidence, but must
affirmatively point to specific facts that demonstrate the
existence of an authentic dispute. See Suarez v. Pueblo Int'l,
Inc., 229 F.3d 49 (1st Cir. 2000); see also Celotex Corp. v.
Catrett, 477 U.S. 317, 322-23 (1986). Unfortunately, Defendants
do not point to any definite, competent evidence (such as
documents or testimony) tending to show any dispute on the issue
of notice.

Given that the record is devoid of such evidence,
Defendants argue that a genuine dispute on the matter may be
inferred from the circumstances. For instance, Defendants
indicate that the general manager, Gonzalez, had worked at other
restaurants before and was therefore aware of the common

CIVIL. NO. 09-1625(JAG)                                          10

industry practice of taking tip credit. Consequently, Defendants contend, the employees should have known of the restaurant's intent to take tip credit. This argument is a nonstarter. First, the conclusion does not follow from the premise, since there is nothing on the record that justifies imputing the manager's previous experience on the employees. More importantly, the argument would fail even if Defendants showed that their *employees* had worked at other restaurants that took tip credit. See Gustavus v. Cazos, Inc., 774 F. Supp. 2d 856 (S.D.Tex. 2011) (employee's awareness of industry-wide practice that employers take "tip credit" does not provide the required notice under section 203(m)). The FSLA is clear: the employer itself must give affirmative notice of its intent to use the FSLA's tip-credit provision.

Defendants also indicate that the case agent assigned to investigate Defendants' labor practices did not mention a notice violation in the "narrative report" that summarized her findings. Defendants posit that the case agent would not have omitted mention of a notice violation had one been found. The Court disagrees.

Angie Ramos, the DOL's case agent, declared that her investigation into Defendants' labor practices had begun as a result of an examination of the firm's payroll and time records.

She found that the restaurant was deducting a certain amount
from the employee's tips and wages that was not in compliance
with the FLSA. As Defendants argue, nowhere in her report does
she mention that Defendants failed to comply with the FSLA's
notice section. But to conclude from this absence that no notice
violations actually occurred strikes the Court as nothing more
than "unsupported speculation." <u>Medina-Munoz v. R.J. Reynolds
Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990).

It seems painfully obvious that defendant's payroll and
time records would not reveal whether the employer had informed
its employees of § 203(m)'s notice requirement. Given that the
case agent did not mention a § 203(m) notice violation, the most
reasonable inference is that she did not actually evaluate
whether the restaurant fell in compliance with the FSLA's notice
requirement. However, nothing precludes the Secretary from
incorporating claims for violations of the FSLA that result from
additional investigation. As the Secretary argues in her Motion
for Summary Judgment, Defendants are charged with a § 203(m)
violation on the basis of the manager's testimony, and not on
the original investigation conducted by the case agent.
Therefore, the fact that the case agent said nothing with
respect to the notice violations is, given the circumstances and
scope of her investigation, immaterial.

**CIVIL. NO.** 09-1625(JAG)                                              12

For the reasons stated above, the Court finds that Defendants have not raised a genuine issue of material fact on the Secretary's minimum wage claim. Therefore, summary judgment is hereby **GRANTED** in favor of the Secretary on this issue.

b. <u>Liquidated Damages and Prejudgment Interest</u>

The Secretary also requested that Defendants be held liable for liquidated damages and, in the alternative, for prejudgment interest. The Magistrate Judge found that Defendants' violations of the FSLA were not willful, and as such, liquidated damages were not warranted in this case. The Magistrate Judge also found that since Defendants are currently in compliance with the FSLA, injunctive relief is unnecessary.

The parties do not object to these determinations. Furthermore, the Court finds that the Magistrate Judge's reasoning was fair and well supported in both fact and law. Thus, the Court will **ADOPT** the Magistrate Judge's recommendation to **DENY** liquidated damages, **GRANT** prejudgment interest, and **DENY** injunctive relief. Therefore, the Court finds Defendants liable for the full amount of minimum wage owed, calculated to be $129,057.22 plus accrued prejudgment interest until the date of payment.

CIVIL. NO. 09-1625(JAG)                                              13

II.   Overtime Compensation Claims

     Apart from the minimum wage claims, the Secretary alleged
that Defendants failed to make, keep and preserve adequate and
accurate records of their employees, and of the wages, hours and
other conditions of employment as required by law. Defendants
sought summary judgment as to this claim. The Magistrate Judge
issued a second Report and Recommendation denying Defendants'
motion. Neither party objected to this Report.

     The Magistrate Judge found undisputed that Defendants had
not paid the required overtime pay to several employees.
Accordingly, the Magistrate Judge recommended this Court deny
Defendants' Motion for Summary Judgment.

     The Magistrate Judge went further, however, and found that
on the basis of the undisputed facts present on the record,
summary judgment in favor of the Secretary was warranted on the
matter of overtime compensation. Defendants, by their own
admission, failed to pay overtime to several eligible employees.
Consequently, Defendants are liable for unpaid overtime wages to
these employees. See 29 U.S.C. § 216(b). Given that the parties
did not object to this finding, and after de novo review, the
Court adopts the Magistrate Judge's recommendation to **GRANT**
summary judgment in favor of the Secretary on this matter.

CIVIL. NO. 09-1625(JAG)                                          14

As the Magistrate Judge recognized, the only issue that remains is the proper calculation of the amounts owed and corresponding in overtime payments. The Court will grant the parties until the end of this month, July 31, 2012, to submit the required calculation by joint motion. If the parties fail to reach an agreement on the calculation, the Court will appoint Magistrate Judge Velez-Rive as special master to determine the correct amount.

### CONCLUSION

In light of the above, the Court **GRANTS IN PART AND DENIES IN PART** the Secretary's Motion for Summary Judgment. The Court finds Defendants liable for the full amount of minimum wage owed, calculated to be $129,057.22 plus accrued prejudgment interest until the date of payment. The Court also **GRANTS** summary judgment in favor of the Secretary on the issue of overtime compensation. The joint motion containing the correct amount of overtime pay owed is due by July 31, 2012.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of July, 2012.

                              S/ Jay A. Garcia-Gregory
                               JAY A. GARCIA-GREGORY
                              United States District Judge